**KATJE LAW GROUP, APC**
September J. Katje, Esq., State Bar No. 227896
Email: sk@katjelawgroup.com
155 N. Riverview Drive
Anaheim, CA 92808
Phone: (714) 400-2970 || Fax: (714) 400-2962

Attorney for Plaintiff, Manuel Martinez

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MARTINEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>UNITED HEALTHCARE SERVICES, INC.; AMERITAS HOLDING COMPANY; and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. 3:25-cv-03299-JLS-KSC<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**(1)   DENIAL OF BENEFITS UNDER ERISA** |

Comes now, Plaintiff, MANUEL MARTINEZ ("Plaintiff"), by and through his attorney, and hereby files this Second Amended Complaint against the Defendants, UNITED HEALTHCARE SERVICES, INC.; AMERITAS HOLDING COMPANY; and DOES 1 through 20, inclusive (collectively, "Defendants"), and in support thereof, allege as follows:

1

## **PARTIES**

1.      Plaintiff, MANUEL MARTINEZ, is an adult individual residing in San Diego County in the State of California.

2.      Plaintiff alleges, upon information and belief, that Defendant, UNITED HEALTHCARE SERVICES, INC., is a corporation organized and existing under the laws of the State of Minnesota and authorized to transact and transacting the business of insurance in the State of California and doing business in the County of San Diego.

3.      Plaintiff alleges, upon information and belief, that Defendant, AMERITAS HOLDING COMPANY, is a corporation organized and existing under the laws of the State of Nebraska and authorized to transact and transacting the business of insurance in the State of California and doing business in the County of San Diego.

4.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this Second Amended Complaint to allege the true names and capacities of such fictitious defendants when they are ascertained. Plaintiff alleges that each of the defendants sued herein as DOES 1 through 20, inclusive, are in some manner responsible, in whole or in part, for the injuries which have been, are being, and will be suffered by Plaintiff as alleged herein.

5.      Plaintiff alleges upon information and belief that each named and fictitious defendant sued herein was the agent, employee, officer, director, partner, principal and/or co-conspirator of every other named and fictitious defendant, and that the acts of each named and fictitious defendant were within the scope of such agency, employment, service, partnership and/or conspiracy in engaging in the acts and/or omissions alleged herein.

///

///

///

2

SECOND AMENDED COMPLAINT

## JURISDICTION AND VENUE

6.    This court has jurisdiction over the subject matter of this action arising under Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. § 1001 et seq.

7.    This court has jurisdiction over this dispute under 28 U.S.C. § 1332. There is complete diversity of citizenship between all Plaintiffs and all Defendants in this case. The amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.

8.    This court has personal jurisdiction over Defendants because the acts giving rise to the allegations herein occurred, or failed to occur, in the County of San Diego, State of California. The medical hemodialysis services, contemplated under Plaintiff's Health Insurance Policy, were rendered at his residence which is located in Escondido, CA, in the County of San Diego.

9.    Moreover, Defendants do business in the forum state. The Defendants' activities in the state are "substantial, continuous, and systematic." *Arnesen v. Raymond Lee Organization, Inc.*, 31 Cal. App. 3d 991 (1973); *Integral Development. Corp. v. Weissenbach*, 99 Cal. App. 4th 576 (2002). The Defendants continuously and systematically insured Plaintiff by renewing his health insurance coverage over many years. The Defendants purposefully availed themselves of the privilege of conducting activities in California, and the cause of action arises out of or is related to those activities (i.e., providing health insurance to residents of California under ERISA). Last, the exercise of jurisdiction is reasonable under the circumstances. *Integral Development. Corp. v. Weissenbach*, 99 Cal. App. 4th 576 (2002); *Shisler v. Sanfer Sports Cars, Inc.,* 146 Cal. App. 4th 1254 (2006). The primary claims for relief derive from ERISA, which governs the Policy.

## GENERAL ALLEGATIONS

10.    Plaintiff is insured under a health insurance policy (the "Policy"). The Policy covers hemodialysis services.

SECOND AMENDED COMPLAINT

11.     The Plan Sponsor for this Policy is Ameritas Holding Company Health Plan (hereinafter "Defendant" or "Ameritas"). The Claims Administrator is United Healthcare Services, Inc. (hereinafter "Defendant" or "United Healthcare").

12.     The Policy is in the possession of Plaintiff and, to Plaintiff's knowledge, it is in the possession of both Defendants.

13.     The Policy was in full force and effect at all times relevant to this Second Amended Complaint.

## FACTUAL BACKGROUND

14.     On or before April 1, 2020, Plaintiff became ill, requiring hemodialysis services, which services were rendered by Private HomeCare Hemodialysis (PHCH). These services commenced on April 1, 2020 and continued to the end of the year. However, Plaintiff required on-going treatment due to his kidney illness. As such hemodialysis services continued from April 1, 2020 thru December 31, 2024. These services are covered under Plaintiff's Policy.

15.     Although there was a deductible and an out-of-pocket maximum under his Policy, for the period of July 2020 thru December 2020, Plaintiff met his deductible and out-of-pocket maximum. Thereafter, Plaintiff incurred additional medical expenses in the amount of $27,836.57, representing 100% of eligible expenses for covered health services under his plan for the year of 2020.

16.     Plaintiff submitted a claim for reimbursement under his Policy with United Healthcare. Plaintiff was not presented with a firm answer as to whether the medical services he received would be covered under his Policy. He followed up on the claim by submitting numerous letters, by and through his attorney of record, but the claim was not resolved.

17.     In 2024 and 2025, Plaintiff, by and through his attorney of record, was dealing with a claims specialist by the name of Andrea Georgeson. In July 2024, she indicated the claim was already resolved citing a resolution letter dated August 30, 2022 as proof that the claim was denied and could not be appealed. However, this was

SECOND AMENDED COMPLAINT

a letter United Healthcare never provided to Plaintiff or his attorney of record. Later on, after being asked to provide the letter, Ms. Georgeson finally provided a copy of the letter in April 2025. However, after reviewing the letter, it became apparent that the period to which the resolution letter was in reference only covered May 1, 2020 thru May 15, 2020, not the entire period for medical services.

18.    When this discrepancy was brought to Ms. Georgeson's attention in May 2025, she stepped away from the matter stating it was out of scope for her, but she did not refer Plaintiff to a new point of contact.

19.    Instead, she provided a mailing address where the claim could be reevaluated: UnitedHealthcare, P.O. Box 30432, Salt Lake City, UT 84130-0432. A claim letter was mailed to this address on August 1, 2025, but no response was ever received.

20.    Plaintiff's counsel of record vigorously attempted to follow up with United Healthcare, but was time and time again rerouted to different departments that could not help in resolving the claim. United Healthcare demonstrated evasiveness and its system for evaluating claims and appeals has proven nothing short of labyrinthian.

21.    At the beginning of August 2025, Plaintiff submitted a complaint to California Department of Insurance complaining about United Healthcare's evasiveness and its ineffective system for evaluating claims. However, on August 7, 2025 California Department of Insurance issued a response letter indicating that it could not handle the insurance complaint due to the Policy's being established according to the Employee Retirement Income Security Act (ERISA) and, therefore, outside the purview of the California Department of Insurance. Instead, it advised that the complaint be submitted through the U.S. Department of Labor.

22.    On August 8, 2025, Plaintiff submitted a complaint to the U.S. Department of Labor reiterating United Healthcare's evasiveness, its ineffective

SECOND AMENDED COMPLAINT

system for evaluating claims, and its bad faith denial of Plaintiff's claim. The complaint is still pending before the U.S. Department of Labor.

23.   Under the Policy, Plaintiff has coverage for Outpatient Therapeutic Treatments, including hemodialysis. Under the Policy, Plaintiff had to meet an out-pocket-maximum every year in the amount of $5,000.00 for designated network services. Plaintiff also has an annual deductible in the amount of $2,750 for designated network services. The annual deductible applies to the out-of-pocket maximum. Once the out-of-pocket maximum is achieved, the Plan pays 100% of Eligible Expenses for Covered Health Services through the end of the calendar year. Therefore, given that the total out-of-pocket expenses for the period beginning 2020 and running thru 2024 is $359,168.91, Defendants are responsible for paying $334,168.91, since Plaintiff met the out-of-pocket maximum each year.

24.   On August 20, 2025, a subsequent letter was mailed to United Healthcare's address as it is listed under the Policy: United Healthcare Services, Inc., 9900 Bren Road East, Minnetonka, MN 55343. This time, Plaintiff attached invoices for all hemodialysis services for the period of April 1, 2020 thru December 31, 2024 totaling a gross $359,168.91 in expenses. After the out-of-pocket maximum is met for each year, the total tally of services Defendants must cover is $334,168.91. Since sending the August 20, 2025 letter, no response was received to date.

### FIRST CLAIM FOR RELIEF

### DENIAL OF BENEFITS UNDER ERISA

### [Against All Defendants]

25.   Plaintiff expressly incorporates the preceding paragraphs as though set forth fully in this claim for relief.

26.   Under ERISA, a participant in an employee benefit plan may bring a civil action under 29 U.S.C. §§ 502(a)(1)(B), 1132(a)(1)(B), to recover benefits due under the terms of the plan. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99 (2013). The statute declares it to be federal policy "to protect interstate commerce and

6

SECOND AMENDED COMPLAINT

the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001.

27. Before pursuing a denial-of-benefits claim under ERISA in federal court, participants must exhaust administrative remedies. The requirement that a plan participant exhaust her administrative remedies before bringing a denial-of-benefits claim under ERISA finds its genesis in statute and caselaw. 29 U.S.C. § 1133; *Yates v. Symetra Life Ins. Co.*, 60 F.4th 1109 (2023). This provision requires that every employee benefit plan governed by ERISA shall "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 USCS § 1133.

28. If a plaintiff can prove a claim under Section 502(a)(1)(B), the typical relief available is that participants and beneficiaries receive the benefits they were owed under the contractual terms of the plan. See, e.g., *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013). Furthermore, "ERISA's attorney's fee provision allows a court in its discretion to award reasonable attorney's fees in benefits proceedings" *Gross v. Sun Life Assur. Co. of Can.*, 880 F.3d 1 See 29 (1st Cir. 2018) (referencing U.S.C. § 1132(g)(1)).

29. Here, it goes without saying that the plan in question is an ERISA Plan. The Plan identifies itself as such on the very first page after the table of contents and ERISA is referenced all throughout the plan. Plaintiff is a participant under this plan.

30. Plaintiff, by and through his counsel of record, exhausted all administrative remedies. It attempted to contact United Healthcare numerous times by telephone on April 5, 2022, May 6, 2022, July 13, 2022, January 26, 2023, March 2, 2023, November 7, 2023, November 15, 2023, April 23, 2024, June 17, 2024,

SECOND AMENDED COMPLAINT

December 11, 2024, March 18, 2025 (multiple attempts), June 16, 2025, July 24, 2025 (multiple attempts), and August 1, 2025, amongst other attempts.

31.    Plaintiff, by and through his counsel of record, submitted claims letters to United Healthcare on February 22, 2022, April 29, 2022, October 16, 2023, March 1, 2024, November 13, 2024, and April 7, 2025, August 1, 2025, and August 20, 2025.

32.    Additionally, Plaintiff, by and through his counsel of record, submitted formal complaints to the California Department of Insurance and U.S. Department of Labor.

33.    Plaintiff has not achieved any relief at this time. In light of all of these efforts, and in light of the fact that Plaintiff did not receive any benefits from his ERISA Policy under which Defendant, United Healthcare, is the Claims Administrator and Defendant, Ameritas, is the Plan Sponsor, Plaintiff is left with no choice but to bring a claim for relief for Denial of Benefits under ERISA via the present Second Amended Complaint.

34.    Plaintiff is owed compensation from Defendants in the amount of $334,168.91, representing the total amount paid for hemodialysis services. Under ERISA, he also seeks prejudgment interest and attorney's fees.

35.    Plaintiff therefore prays for judgment as set forth below in the section captioned "PRAYER FOR RELIEF".

///
///
///
///
///
///
///
///
///

8

SECOND AMENDED COMPLAINT

## **PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiff, on behalf of himself, prays for judgment against Defendants as follows:

    a. For compensatory damages amounting to not less than $334,168.91 representing the outstanding health expense claim, according to proof;

    b. For pre-judgment and post-judgment interest as provided by law; and

    c. For costs of suit incurred herein and attorneys' fees pursuant to contract;

    d. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  April 2, 2026    **KATJE LAW GROUP, APC**

By:__s/September J. Katje_____
September J. Katje, Esq.
Attorney for Plaintiff,
MANUEL MARTINEZ
Email: sk@katjelawgroup.com

9

SECOND AMENDED COMPLAINT

## **VERIFICATION**

I, MANUEL MARTINEZ, declare that I am a Plaintiff in the above-entitled action. I have read the foregoing SECOND AMENDED COMPLAINT and know the contents thereof; the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this verification was executed on _____04 / 02 / 2026_____ in San Diego, California.

_____

MANUEL MARTINEZ

10

SECOND AMENDED COMPLAINT

Doc ID: e01e6b6a562baccb1d91d9e5ef705920804875e4