SEYFARTH SHAW LLP
Ryan R. Tikker (SBN 312860)
rtikker@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendants
UNITED HEALTHCARE SERVICES, INC.
and AMERITAS HOLDING COMPANY

KATJE LAW GROUP, APC
September J. Katje, Esq. SBN 227896
155 N. Riverview Drive
Anaheim, CA 92808
Phone: (714) 400-2970
Facsimile: (714) 400-2962

Attorneys for Plaintiff
MANUEL MARTINEZ

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MARTINEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC.; AMERITAS HOLDING COMPANY; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:25-cv-03299-JLS-KSC<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:  June 15, 2026<br>Time:  2:00 p.m. (via Zoom)<br>Ctrm:  2B, 221 West Broadway St<br>San Diego, CA 92101 |

326459368v.1

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 2.1 and this Court's May 4, 2026 Notice and Order Setting Early Neutral Evaluation and Rule 26 Compliance (the "Order") (Dkt. 19), Plaintiff Manuel Martinez ("Plaintiff") and Defendants United HealthCare Services, Inc. ("UHS") and Ameritas Holding Company ("Ameritas," collectively, "Defendants") hereby submit the following Report pursuant to Fed. R. Civ. P. 26(f).  Plaintiff and Defendants shall collectively be referred to as the "Parties."  This Report is made in anticipation of the Rule 26(f) Conference set for June 15, 2026 at 2:00 p.m. before Magistrate Judge Guillermo Cabrera.

The Parties submit their views and proposals as follows:

1. **Judge Cabreras' Checklist is Generally Inapplicable to this Dispute:**

This matter should be limited to a review of the administrative record, and this action is exempt from initial disclosures under Federal Rules of Civil Procedure Rule 26(a)(1)(B).  The Parties anticipate entering into a protective order prior to the production of the administrative record in this matter, as the administrative record involves confidential personally identifiable information ("PII") and protected health information ("PHI").  Plaintiff's claims arise out of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").  In cases asserted claims under ERISA § 502(a)(1)(B), discovery is generally limited to the administrative record.  *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084,1090-1091 (9th Cir. 1999); *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995).  As such, because this matter concerns an alleged denial of benefits under ERISA, the Parties agree that Judge Cabrera's checklist headings regarding Preservation and Collection of Information, Electronically Stored Information ("ESI"), Sources of Information, Search Methodology for ESI, Production of ESI, ESI Order, Privilege Log, and Use of Generative Artificial Intelligence to Create or Enhance Evidence is not applicable to this matter, as discovery outside of the administrative record is not contemplated at this time.

2

326459368v.1

**2. Subject Matter Jurisdiction**:

The basis for subject matter jurisdiction is federal question, as Plaintiff's claims arise out of ERISA.

There are no current issues with respect to personal jurisdiction.

No known parties remain to be served.

**3. Chronology of Facts and Statement of Factual Issues[1]:**

Plaintiff is a participant in the operative health benefits plan, which is sponsored by QBE Holdings, Inc. (the "Plan"), and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

In Plaintiff's operative SAC, Plaintiff asserts a denial of benefits under ERISA § 1132(a)(1)(B). Plaintiff alleges in the SAC that on or before April 1, 2020, Plaintiff required hemodialysis services, which were rendered by Private HomeCare Hemodialysis (PHCH). Plaintiff alleges that these services commenced April 1, 2020 and continued through the end of the year. Plaintiff required ongoing treatment, which continued form April 1, 2020 through December 31, 2024, which Plaintiff asserts is covered under the Plaintiff's policy. He asserts that Ameritas is the plan sponsor, and United is the claims administrator. Plaintiff asserts that from July 2020 through December 2020, Plaintiff met his deductible and out-of-pocket maximum, and that thereafter, he incurred additional medical expenses in the amount of $27,836.57, representing 100% of the eligible expenses for covered health services under the plan for the year 2020. He alleges he submitted a claim for reimbursement, but he was not presented with a firm answer as to whether these services would be covered. Next, Plaintiff alleges that in 2024 and 2025, Plaintiff's claim was resolved citing a resolution letter dated August 30, 2022, as proof the claim was denied and could not be appealed. He asserts that he never received this

---

[1] The statement of facts summarizes Plaintiff's factual allegations in the operative Second Amended Complaint ("SAC"). (Dkt. 17.) Defendants do not admit the veracity of Plaintiff's allegations at this time; this recitation is merely a summary of Plaintiff's allegations and the procedural history of this matter.

3

326459368v.1

letter, and also, or instead, that this appeal involved services from May 1, 2020 through May 15, 2020, not the entire period for the medical services.

Plaintiff claims that he has an out-of-pocket maximum of $5,000, and a deducible in the amount of $2,750 for designated services. He contends that the total out-of-pocket expenses from 2020 through 2024 is $359,168.91, and that Defendants are responsible for paying $334,168.91. Plaintiff contends that an appeal letter was mailed to United's address on August 20, 2025, attaching invoices for all hemodialysis services from April 1, 2020 through December 31, 2024, totaling a gross of $359,168.91 in expenses. Plaintiff alleges that no response was received.

Defendants contend that all benefits determinations were correct, reasonable, proper, and supported by the plan documents, as well as the operative administrative record and Defendant United's reimbursement policies. Specifically, Defendants contend that administrative exhaustion is mandatory and must be completed before a participant may file suit, and there is no evidence that Plaintiff fully exhausted his administrative remedies for the claims at issue. The plan documents for the at-issue years also have a 3-year limitation of action provision which forecloses his lawsuit against Defendants. Finally, the plan documents unambiguously provide that a participant is required to pay the amount that exceeds the eligible expense for out-of-network benefits, and that this amount does not apply to the participant's out-of-pocket maximum. Plaintiff sought care with an out-of-network provider, and thus Plaintiff seeks amounts in excess of the amounts allowable under the plan documents.

Defendants deny that Plaintiff is entitled to any of the relief sought.

**4. <u>Statement of Disputed Points of Law</u>**

*Plaintiff's Position*:

The basis for subject matter jurisdiction is federal question, as Plaintiff's claims arise out of ERISA and diversity of citizenship as complete diversity of citizenship exists between parties and the amount in controversy exceeds $75,000.

4

326459368v.1

At this time, Plaintiff anticipates that the legal issues in dispute are: (1) whether Plaintiff exhausted administrative remedies; (2) whether Plaintiff's suit is barred by the plan documents' contractual limitations provision; (3) whether United abused its discretion in adjudicating Plaintiff's claims for benefits under the plan documents; (4) whether Plaintiff is entitled to benefits under the Plan; (5) whether any party is entitled to damages, including attorneys' fees and costs; (6) whether Plaintiff properly received notice of the reason for the denial of his claim and the plan provision on which denial was based; (7) whether the insurer improperly based its denial of benefits on an inadequate or incomplete medical record; (8) whether Plaintiff's claim was handled differently than other claims under the plan because of its large amount; (9) issues related to information on the amounts charged for his medical services where there were discrepancies in the record; and (10) whether procedural safeguards were violated.

*Defendants' Position*:

The basis for subject matter jurisdiction is federal question, as Plaintiff's claims arise out of ERISA.

At this time, the Parties anticipate that the legal issues in dispute are: (1) whether Plaintiff exhausted administrative remedies; (2) whether Plaintiff's suit is barred by the plan documents' contractual limitations provision; (3) whether United abused its discretion in adjudicating Plaintiff's claims for benefits under the plan documents; (4) whether Plaintiff is entitled to benefits under the Plan; and (5) whether any party is entitled to damages, including attorneys' fees and costs.

**5. All Prior and Pending Motions, Motion Status, and Anticipated Motions**

a. Pleadings

The pleadings are currently settled with the Defendants' Answer to Plaintiff's Second Amended Complaint.  (Dkt. 18.)

b. Dispositive Motions

Defendants believe it will likely be possible to resolve this case on Cross Motions for Judgment pursuant to Fed. R. Civ. P. 52, without need to take any additional evidence

5

326459368v.1

at a live bench trial, or a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  However, at this early case juncture, neither party waives any right, including the ability to obtain certain evidence and present it at a live bench trial.

## 6. **Parties, Claims, Defenses**

The current Parties:

- Plaintiff Manuel Martinez

- Defendant United HealthCare Services, Inc.

- Defendant Ameritas Holding Company

Plaintiff's SAC includes one cause of action against Defendants under ERISA § 1132(a)(1)(B) for benefits.

## 7. **Compliance with the Initial Disclosure Requirement**

*Plaintiff's Position*:

This matter should include a review of the administrative record, and this action is exempt from initial disclosures under Federal Rules of Civil Procedure Rule 26(a)(1)(B). Plaintiff shall lodge any and all outstanding debts invoices constituting benefits that have yet to be reimbursed to Plaintiff by Defendants with the Court on or before the date Plaintiff's opening trial brief is due to be filed.

Plaintiff reserves the right to seek discovery from Defendants regarding the following:  (1) contractual, financial arrangements (if any); and (2) any internal correspondence regarding the resolution of Plaintiff's insurance claims. Plaintiff is also entitled to discovery as delineated under Section 8 of this report pertaining to discovery.

Plaintiff will provide Defendants with a copy of any and all outstanding debts invoices constituting benefits that have yet to be reimbursed to Plaintiff by Defendant within two weeks of the Scheduling Conference.

*Defendants' Position*:

This is a straightforward ERISA benefits dispute.  This matter should be limited to a review of the administrative record, and this action is exempt from initial disclosures under Federal Rules of Civil Procedure Rule 26(a)(1)(B).  Defendants shall

JOINT RULE 26(F) REPORT
CASE NO. 3:25-CV-03299-JLS-KSC

326459368v.1

lodge the administrative record with the Court on the date its opening trial brief is due to be filed.

For there to be discovery outside of the administrative record, the Court should require Plaintiff to make a motion explaining how the information it seeks is permissible under ERISA principles and controlling case law, and narrowly tailored.

Defendants reserve the right to seek limited discovery from Plaintiff regarding the following: (1) contractual, financial arrangements (if any), and/or assignments Plaintiff has with affiliated physicians/entities regarding this litigation; (2) any alleged debts stemming from the at-issue out-of-network treatment; and/or waiver of co-insurance or cost-share. Defendants will provide Plaintiff with a copy of the administrative record within two weeks of the Scheduling Conference. Defendants shall file the administrative record by July 31, 2026, subject to an anticipated stipulated protective order.

**8. <u>Discovery</u>**

*<u>Plaintiff's Position:</u>*

Plaintiff contends that he is entitled to discovery concerning the administrative record as Defendant has explained below. Additionally, he is entitled to discovery pertaining to (1) whether he received notice of the reason for the denial of his claim and the plan provision on which denial was based; (2) whether the insurer improperly based its denial of benefits on an inadequate or incomplete medical record; (3) whether his claim was handled differently than other claims under the plan because of its large amount; and (4) information related to the amounts charged for his medical services where there were discrepancies in the record. *Canter v. Ankermes Blue Care Elect Preferred Provider Plan*, 328 F.R.D. 485, 497-499, 501 (S.D. Ohio 2018). Last, discovery should be permitted to address procedural defects, such as a failure to provide a "full and fair review" as required under 29 U.S.C. § 1133. This statute mandates that plans provide adequate written notice of claim denials and afford participants a reasonable opportunity for review. 29 U.S.C. § 1133. Courts have allowed discovery to investigate whether these procedural safeguards

326459368v.1

were violated. *Baker v. Ohio Operating Eng'rs Pension Plan*, 312 F. Supp. 3d 674 (2018); *Est. of Gifford v. Operating Eng'rs 139 Health Ben. Fund*, 126 F.4th 509 (2025).

*Defendants' Position*:

Defendants contend that Plaintiff is not entitled to any discovery beyond production of the administrative record.  Because this is an ERISA case, discovery is limited to the administrative record pursuant to the Ninth Circuit jurisprudence, unless there are exceptional circumstances.  *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084,1090-1091 (9th Cir. 1999); *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995).  Indeed, in cases asserted claims under ERISA § 502(a)(1)(B), discovery is generally limited to the administrative record.

Because this is a straightforward ERISA benefits dispute, there is no legal basis to seek discovery outside of the administrative record, where this matter involves a self-funded benefit plan with a discretionary clause.  If Plaintiff seeks discovery outside of the administrative record, the Court should require Plaintiff to make a motion explaining how the information he seeks is permissible under ERISA principles and controlling case law, and narrowly tailored.

Defendants reserve the right to seek limited discovery from Plaintiff regarding the following: (1) contractual, financial arrangements (if any), and/or assignments Plaintiff has with affiliated physicians/entities regarding this litigation; (2) any alleged debts stemming from the at-issue out-of-network treatment; and/or waiver of co-insurance or cost-share

### 9. **Related Cases**

This matter is not related to other matters.

### 10. **Relief Sought**

*Plaintiff's Position*:

Under ERISA, a participant in an employee benefit plan may bring a civil action under 29 U.S.C. §§ 502(a)(1)(B), 1132(a)(1)(B), to recover benefits due under the terms of the plan. *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99 (2013). Attorney's

8

326459368v.1

fees are also permitted under ERISA's attorney fee provision. *Gross v. Sun Life Assur. Co. of Can.*, 880 F.3d 1 See 29 (1st Cir. 2018) (referencing U.S.C. § 1132(g)(1)).

Plaintiff contends he is owed compensation from Defendants in the amount not less than $334,168.91, representing the total amount paid for hemodialysis services. He also seeks attorney's fees in the amount of not less than $13,680.42 as provided for under ERISA as specified above. Last, he intends to seek pre-judgment and post-judgment interest (at the current rate of 3.82%) amounting to not less than $12,765.25 as provided for under 28 U.S.C. § 1961.

*Defendants' Position*:

Defendants deny that Plaintiff is entitled to any of the relief sought in the SAC and reserve the right to seek attorneys' fees under ERISA.

Defendants contend that damages under ERISA § 1132(a)(1)(B) are limited to recovering benefits due under the terms of the Plan, or to clarify Plaintiff's rights to future benefits under the terms of the Plan.

Defendants do not seek relief from the Plaintiff at this time but reserve the right to amend this position in the future.

11. **Schedule for motions, hearings, and trial**

The Parties suggest the following as appropriate deadlines for this matter:

- The date by which any motion for entry of a stipulated protective order governing discovery shall be filed: **June 26, 2026**
- The date by which any motion to amend pleadings and/or add parties shall be filed: **July 17, 2026**
- Deadline to file Administrative Record: **July 31, 2026**
- Deadline to file Cross-Motions for Summary Judgment: **November 20, 2026**
- Deadline for Plaintiff and Defendants to file Simultaneous Responsive Rule 52 briefs: **December 11, 2026**
- Hearing on Cross Motions for Judgment:  To be set by the Court for a date convenient with the Court's and the Parties' calendar

9

326459368v.1

In the Order, the Court set a tentative schedule. The majority of these dates have been adopted by the Parties. However, Defendants asked counsel for Plaintiff, and counsel for Plaintiff agreed, to move the deadline to file Cross-Motions for Summary Judgment from October 16, 2026 to November 20, 2026. Counsel for Defendants will be out on parental leave in October 2026, and thus will be out of the office during this requested timeframe. Defendants contend that good cause exists for a brief extension of this timeframe, which does not prejudice the Plaintiff.

## 12. **Trial Estimate**

The Parties anticipate that a bench trial could be completed in 1 day.

*Plaintiff's Position*:

It may be possible to resolve this case on the Parties' anticipated Cross Motions for Judgment, pursuant to Fed. R. Civ. P. Rule 52, without the need to take any additional evidence at a live bench trial. Plaintiff also believes the case may be resolved by his filing of a motion for summary judgment, pursuant to Fed. R. Civ. P. Rule 56. However, at this early case juncture, Plaintiff does not waive any rights or defenses, including the ability to obtain certain evidence and present it at a live bench trial.

*Defendants' Position*:

It may be possible to resolve this case on the Parties' anticipated Cross Motions for Judgment, pursuant to Fed. R. Civ. P. Rule 52, without the need to take any additional evidence at a live bench trial. However, at this early case juncture, Defendants do not waive any rights or defenses, including the ability to obtain certain evidence and present it at a live bench trial.

## 13. **Efforts Made to Settle/Resolve Matter**

On December 15, 2025, Defendant UHS was served with Plaintiff's Complaint and Summons.

On February 13, 2026, Plaintiff filed its First Amended Complaint, naming Defendant UHS and Defendant Ameritas. (Dkt. 9.)

10

326459368v.1

On April 3, 2026, the Parties submitted a joint motion for leave for Plaintiff to file a Second Amended Complaint, due to the conferral of the Parties and effort to narrow the dispute.  (Dkt. 14.)

On April 10, 2026, Plaintiff filed the SAC.  (Dkt. 17.)

On May 1, 2026, Defendants filed their answer to Plaintiff's SAC.  (Dkt. 18.)

The Parties have been active in discussion with respect to the issues raised in the SAC and potential settlement.

**14. Unusual Legal Issues**

The Parties are not aware of any unusual legal issues presented by this ERISA benefits case at this time.

**15. Proposals Regarding Severance, Bifurcation, or Other Ordering of Proof**

None at this time.

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I, Ryan R. Tikker, hereby attest that the content of this document where indicated is acceptable to September J. Katje, Counsel for Plaintiff.

DATED:  June 8, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Ryan R. Tikker*
Ryan R. Tikker

Attorneys for Defendants
UNITED HEALTHCARE SERVICES, INC. and AMERITAS HOLDING COMPANY

*[Signatures continued on next page]*

11

JOINT RULE 26(F) REPORT
CASE NO. 3:25-CV-03299-JLS-KSC

326459368v.1

DATED:  June 8, 2026                         Respectfully submitted,

                                             KATJE LAW GROUP, APC


                                             By: */s/ September J. Katje*
                                                 September J. Katje
                                                 Attorneys for Plaintiff
                                                 MANUEL MARTINEZ

12

326459368v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8, 2026, I caused the a copy of JOINT RULE 26(f) REPORT to be filed electronically with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all parties registered to receive notice via that service.

*/s/ Ryan R. Tikker*
Ryan R. Tikker

13

326459368v.1